IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez, :
:
Appellant :
:
v. : No. 1652 C.D. 2024
: Submitted: March 3, 2026
MJ Sandra L. Fegley, MJ Dean :
Patton, and Hon. James E. Gavin, :
in their individual and official :
capacity for the Commonwealth of :
Pennsylvania :


**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                                **FILED:  July 7, 2026**


Gilbert M. Martinez (Licensee) appeals from the final order of the Berks County Court of Common Pleas (trial court),[1] filed November 7, 2024, that sustained the preliminary objections (POs) filed by Magisterial District Judges Sandra L. Fegley and Dean Patton (together, MDJs) and the Honorable James E. Gavin (Judge Gavin) of the trial court, in their individual and official capacities for the Commonwealth of Pennsylvania (collectively, Judicial Appellees) and dismissed Licensee's Amended Complaint with prejudice.  Licensee contends that the trial court erred by considering immunity defenses on POs and ultimately concluding that the action was barred by sovereign immunity, judicial immunity, and the prohibition against collateral attacks.  Also before this Court is Licensee's renewed application for relief seeking to quash the bench warrants issued by the MDJs and enjoin them

---

[1] The Honorable Edward D. Reibman, Senior Judge, specially presided.

from any further attempts to enforce the citations. Upon review, we affirm the order of the trial court and deny Licensee's application for relief.

## I. Background

This case arises from a series of traffic stops in 2023 through 2024 in Laureldale and Exeter Townships, in which Licensee received multiple noncriminal traffic citations.[2] The MDJs held summary trials on the citations, noted Licensee's absence, found Licensee guilty, and imposed fines. Licensee did not file summary appeals but instead filed a civil suit with the trial court challenging the convictions. Judge Gavin presided over and ultimately dismissed Licensee's civil suit without affording Licensee *in forma pauperis* status.

Relevant to this appeal, in June 2024, Licensee filed an amended complaint styled as "Petition to Strike Judgment" (Amended Complaint) against Judicial Appellees challenging the MDJs' authority to adjudicate the citations, which led to the suspension of his commercial driver's license (CDL), and Judge Gavin's dismissal of his civil suit related thereto. Therein, Licensee asserted that MDJs lacked both subject matter and personal jurisdiction. According to Licensee, the MDJs lacked subject matter jurisdiction because Section 1515 of the Judicial Code, 42 Pa. C.S. §1515, purportedly limits MDJs' jurisdiction to criminal summary offenses, and Section 104 of the Vehicle Code, 75 Pa. C.S. §104, allegedly repealed Pennsylvania's traffic laws. He also claimed that the MDJs did not obtain personal

---

[2] Licensee was charge with violations of the Vehicle Code related to obligations upon the termination of required financial responsibility, 75 Pa. C.S. §1786(e)(1); unregistered vehicle, 75 Pa. C.S. §1301; failure to surrender registration plates/cards on suspension, 75 Pa. C.S. §1376; absence of emission inspection, 75 Pa. C.S. §4706(c); operating a vehicle without valid inspection, 75 Pa. C.S. §4703; and driving while operating privilege is suspended or revoked, 75 Pa. C.S. §1543. Original Record (O.R.), Item No. 1, Exhibits A-F.

jurisdiction of him through service of process, and he did not appear before them or otherwise waive service. Licensee claimed that MDJs improperly ignored his motions to dismiss in which he contested jurisdiction, conducted bench trials in his absence, and improperly entered "guilty" judgments against him, which resulted in the suspension of his commercial driver's license (CDL). Judge Gavin then presided over and ultimately dismissed Licensee's civil suit related to these same claims without affording Licensee *in forma pauperis* status. Licensee contends that Judicial Appellees violated his constitutional rights to due process. For relief, Licensee asked the trial court to strike the summary judgments entered against him, reinstate his CDL, declare that he has the right to drive his automobile without police or government interference, and award monetary damages ($499,000.00), costs, and attorney fees.

In response, Judicial Appellees filed POs asserting sovereign immunity, absolute judicial immunity, and improper collateral attack. By order filed November 7, 2024, the trial court sustained the POs and dismissed the action with prejudice. This appeal now follows.[3]

After the parties filed briefs, on September 26, 2025, Licensee filed an application for relief, titled "Motion to Quash," asserting that bench warrants were issued against him based on his failure to make payment on the judgments and asking this Court to quash the warrants. By order dated December 4, 2025, we denied the application. On February 23, 2026, Licensee filed another application for relief reasserting his bench warrant claims and asking this Court to quash the bench

---

[3] "'Our . . . review of a trial court order sustaining [POs] and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law.'" *Chasan v. Platt*, 244 A.3d 73, 80 (Pa. Cmwlth. 2020) (quoting *Logan v. Lillie*, 728 A.2d 995, 998 n.1 (Pa. Cmwlth. 1999) (upholding dismissal of complaint seeking both monetary and equitable relief on judicial immunity grounds)).

warrants and enjoin their enforcement, which we consider with the merits of the appeal.

## II. Issues

We reframe and reorganize Licensee's issues on appeal for clarity and ease of discussion. Licensee contends that immunity is an affirmative defense that must be raised as new matter, not by POs, rendering the trial court's dismissal on POs procedurally improper. Licensee argues that the trial court erred in concluding that his Amended Complaint was barred by sovereign immunity, judicial immunity, and the prohibition against collateral attacks. In furtherance thereof, he maintains that the MDJs lacked both personal and subject matter jurisdiction and asserts that his Amended Complaint does not constitute a collateral attack because he seeks to void what he characterizes as facially invalid judgments.[4]

## III. Discussion
## A. Immunity Defenses Raised by POs

Licensee argues that the trial court erred in allowing Judicial Appellees to raise immunity defenses--both sovereign immunity and absolute judicial immunity--by POs.

As this Court has explained:

> Technically, the Pennsylvania Rules of Civil Procedure prohibit a defendant from raising the affirmative defense of immunity by way of [PO]. Rather, the affirmative defense of immunity should be raised in an answer to the complaint under the heading "New Matter." *See* [Pa.R.Civ.P.] 1028, 1030. In pertinent part, and with emphasis added, [Pa.R.Civ.P.] 1030 provides:

---

[4] Licensee also contends that the trial court erred by not addressing his preliminary injunction request. Because the trial court dismissed the Amended Complaint without reaching the merits, that issue is not properly before us.

4

(a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of . . . immunity from suit . . . shall be pleaded in a responsive pleading under the heading "New Matter." A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

"Should a plaintiff wish to contest the defense on this procedural ground, the plaintiff must file a [PO] to the [PO]." *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014).

When a party responds to the [POs], instead of challenging the procedure by filing its own [PO], the party has waived any challenge to the form of pleading the defense. *See Feldman v. Hoffman*, 107 A.3d 821 (Pa. Cmwlth. 2014). Generally, however, when not objected to in [POs], courts have been moving away from this strict interpretation and it is now currently accepted that immunity is a defense that may be raised by [PO] "when to delay a ruling thereon would serve no purpose." *Faust v. [Department] of Revenue*, . . . 592 A.2d 835, 838 n.3 ([Pa. Cmwlth.] 1991). *But see Rufo v. Bastian-Blessing Co.*, . . . 207 A.2d 823 ([Pa.] 1965) (trial court may only consider immunity defense raised by [PO] if plaintiff does not object).

Further, "Pennsylvania courts have long recognized a limited exception to this rule and have allowed parties to plead the affirmative defense of immunity as a [PO] where the defense is clearly applicable on the face of the complaint." *Feldman*, 107 A.3d at 829-30 (emphasis added) (citing string of cases); *see also Logan v. Lillie*, 728 A.2d 995 (Pa. Cmwlth. 1999) (involving suit against judicial defendants and successful assertion of judicial immunity). In fact, "[w]here, however, the asserted affirmative defense is clearly applicable on the face of the complaint, the court will consider it unless the plaintiff advances some reason, 'other than prolonging the matter,' to defer consideration." *Firearm Owners Against Crime v. City of Harrisburg*, 218 A.3d 497, 515 (Pa. Cmwlth. 2019)

5

(quoting *Feldman*, 107 A.3d at 835) (when method of raising immunity defense challenged, upheld overruling of [PO] because immunity was not clear on face of complaint).

*Chasan v. Platt*, 244 A.3d 73, 80 (Pa. Cmwlth. 2020).

Applying the foregoing here, Licensee did not object to the procedure used for asserting immunity, thereby waiving any objection on that ground. Furthermore, because Licensee sued Judicial Appellees for actions or perceived inactions taken in the scope of their official duties as judges in the trial court and its magisterial district courts, the immunity defense is evident on the face of the Amended Complaint. We, therefore, conclude that the trial court did not err by considering the immunity defenses raised by POs.

## B. Sovereign Immunity

Licensee also asserts that the trial court improperly applied sovereign immunity to Judicial Appellees. However, "[t]he Commonwealth, and its officials and employees acting within the scope of their duties," are protected by "sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. §2310; *accord* Pa. Const. art. I, §11; *Stackhouse v. Commonwealth*, 832 A.2d 1004, 1007 (Pa. 2003) (*Stackhouse I*). Suits that seek to compel action or to obtain money damages or recover property from the Commonwealth are within the rule of sovereign immunity. *Stackhouse I*, 832 A.2d at 1007. But sovereign immunity generally does not bar declaratory judgment actions that seek to prohibit state action or declare rights without compelling affirmative conduct by Commonwealth officials. *MFW Wine Co., LLC v. Pennsylvania Liquor Control Board*, 318 A.3d 100, 111 (Pa. 2024). Moreover, "where a request for a declaration of rights can have no effect nor serve any purpose other than as the legal predicate for a damage or other immunity-barred

6

claim in the same action, the demand for declaratory relief [will] fall along with the claim it serves to support." *Stackhouse v. Pennsylvania State Police*, 892 A.2d 54, 62 (Pa. Cmwlth. 2006) (*Stackhouse II*).

Under Section 8522(b) of the Judicial Code, commonly referred to as the Sovereign Immunity Act, the General Assembly specifically waived immunity as a bar to claims against "*Commonwealth parties*," for damages arising out of "*negligent acts*" caused by: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) national guard activities; and (9) toxoids and vaccines. 42 Pa. C.S. §8522(b) (emphasis added). A "Commonwealth party" refers to "a Commonwealth agency and any employee thereof." Section 8501 of the Sovereign Immunity Act, 42 Pa. C.S. §8501; *accord Snead v. Society for Prevention of Cruelty to Animals of Pennsylvania*, 985 A.2d 909, 913 (Pa. 2009). Consequently, Section 8522(b)'s waivers do not extend to the Commonwealth itself as a distinct entity.

The unified judicial system is part of the Commonwealth. *Russo v. Allegheny County*, 125 A.3d 113, 117-18 (Pa. Cmwlth. 2015), *aff'd*, 150 A.3d 16 (Pa. 2016); *see* article 5, section 1 of the Pennsylvania Constitution, Pa. Const. art. 5, §1 (providing the "judicial power of the Commonwealth shall be vested in a unified judicial system"). The unified judicial system includes the courts of common pleas and the magisterial district courts. Section 301(4), (9) of the Judicial Code, 42 Pa. C.S. §301(4), (9). Because the unified judicial system is part of the Commonwealth, it is not considered a "Commonwealth *party*" for purposes of the statutory waivers of sovereign immunity. *Russo*, 125 A.3d at 117. Thus, judges and

7

MDJs acting within the scope of their duties are entitled to the sovereign immunity of the Commonwealth. *Russo*, 125 A.3d at 117. As this Court explained:

> [MDJs] are officers of the Commonwealth, rather than the counties in which they sit, and therefore enjoy sovereign immunity except where abrogated by the state. *Cimino v. DiPaolo*, 786 A.2d 309, 311 (Pa. Cmwlth. 2001); *Heicklen v. Hoffman*, 761 A.2d 207, 209 (Pa. Cmwlth. 2000). Our Supreme Court has also held that judges of the courts of common pleas are officers of statewide jurisdiction, allowing the Supreme Court to hear a quo warranto action to remove a court of common pleas judge in its original jurisdiction. *Commonwealth ex rel. Judicial Conduct Board v. Griffin*, . . . 918 A.2d 87, 92-93 ([Pa.] 2007).

*Id*. As a result, judges and MDJs of the unified judicial system retain full constitutional sovereign immunity and are not subject to the Section 8522(b)'s exceptions.

Here, Licensee has sued Judicial Appellees for actions or perceived inactions taken in the scope of their official duties as judges in the trial court and its magisterial district courts. The actions complained of pertain solely to Judicial Appellees' scope of judicial duties with the Commonwealth. Insofar as Licensee seeks monetary damages and to compel affirmative action, Judicial Appellees are clearly protected by sovereign immunity from these types of claims. As for Licensee's request for a declaration that he has the right to drive his vehicle without police interference, that request is not merely a predicate for a damages claim or an injunction. *See Stackhouse II*, 892 A.2d at 62. Accordingly, we conclude that the trial court properly determined that Judicial Appellees, as part of the unified judicial system, are entitled to the sovereign immunity and are immune from Licensee's suit insofar as it seeks damages and to compel Judicial Appellees to act. His request for declaratory relief is not barred by sovereign immunity.

8

## C. Judicial Immunity

Next, Licensee also argues that judicial immunity does not apply because the MDJs lacked both subject matter and personal jurisdiction over him. Specifically, Licensee contends that the MDJs lacked subject matter jurisdiction because *former* Section 104 of the Vehicle Code, *formerly* 75 Pa. C.S. §104, repealed the operative traffic law, and traffic citations are not criminal summary offenses. Licensee argues the MDJs lacked personal jurisdiction because he was not served with "original process," and only received mailed notice of the bench trial. Licensee's arguments fail for multiple reasons.

"Judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over subject matter and person." *Chasant*, 244 A.3d at 81 (citation and quotation omitted). "'[J]udicial immunity requires a two-part analysis: first, whether the judge has performed a judicial act; and second, whether the judge has some jurisdiction over the subject matter before him.'" *Id.* at 81 (quoting *Langella v. Cercone*, 34 A.3d 835, 838 (Pa. Super. 2011)). "[J]udicial immunity is [] immunity from suit, not just from damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *accord Chasan*, 244 A.3d at 82; *Guarrasi v. Scott*, 25 A.3d 394, 405 n.11 (Pa. Cmwlth. 2011); *see Logan*, 728 A.2d 999-1000 (upholding dismissal of equitable claims seeking declaration that judicial officers' acts were unconstitutional). That means "judicial immunity is an available defense for declaratory relief." *Chasan*, 244 A.3d at 82.

There is no question that the issuance of orders and rulings by Judicial Appellees constituted judicial acts or that Judge Gavin had subject matter

9

jurisdiction over Licensee's civil litigation. Our focus is on Licensee's claims that MDJs lacked jurisdiction -- subject matter and personal -- over the traffic citations.

"Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). Licensee's reliance on *former* Section 104 of the Vehicle Code, *formerly* 75 Pa. C.S. §104, to attack the MDJs' subject matter jurisdiction is baseless. Although former Section 104 was repealed, the substantive Vehicle Code provisions remain in force independent of that repeal. Moreover, Section 1515(a)(1) of the Judicial Code clearly and expressly provides that MDJs shall have jurisdiction of summary offenses. 42 Pa. C.S. §1515(a)(1). Summary offenses include Licensee's Vehicle Code offenses. Section 6502 of the Vehicle Code, 75 Pa. C.S. §6502 (violations of the Vehicle Code or its regulations are considered summary offenses unless otherwise identified as a misdemeanor or felony). Because the MDJs had statutory jurisdiction over summary traffic offenses under Section 1515(a)(1) of the Judicial Code, there was not a 'clear absence of all jurisdiction,' and judicial immunity therefore applies.

As for personal jurisdiction, there are multiple paths including proper service, consent, waiver, or voluntary appearance. *Sharpe v. McQuiller*, 206 A.3d 1179, 1184 (Pa. Super. 2019); *Fraisar v. Gillis*, 892 A.2d 74, 77 (Pa. Cmwlth. 2006); *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super. 2004). Under the Rules of Civil Procedure Governing Actions and Proceedings Before MDJs, service of a complaint upon an individual shall be made by handing a copy to the defendant or an adult at his residence or place of business *or by certified mail*. Pa.R.C.P.M.D.J. 308. Even "technically deficient service by mail constitute[s] a good-faith effort at notice where the defendant had actual notice of the litigation and was not otherwise prejudiced."

10

*Fraisar*, 892 A.2d at 78 (citing *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (Pa. 2005)). Further, "[a] defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." *Fleehr*, 857 A.2d at 685 (internal citations and quotation marks omitted).

Here, in his Amended Complaint, Licensee challenged the MDJs' personal jurisdiction but acknowledged that he received mail notice of the hearings. Original Record (O.R.), Item No. 2, Amended Complaint, ¶¶4, 7. Licensee also stated that he timely filed motions to dismiss with the MDJs asserting lack of jurisdiction, and actively litigated the merits by requesting a jury trial and disputing probable cause. *Id.*, ¶¶4-7, 16 (emphasis added). These actions confirm actual notice and voluntary submission, thereby waiving any service defect.

Because the MDJs clearly had both subject matter and personal jurisdiction and because judicial immunity covers their judicial acts even if jurisdictional objections are later raised, Judicial Appellees are entitled to absolute judicial immunity, including against Licensee's request for declaratory relief. *Chasan*, 244 A.3d at 81-82. Thus, the trial court properly sustained this PO.

### D. Collateral Attack

Next, Licensee argues that the trial court mischaracterized his Amended Petition as an improper collateral attack. Licensee contends he was not seeking to overturn or invalidate the traffic citations. Rather, he claims that his Amended Petition was not an appeal, but a challenge to void the MDJs' default judgments because the MDJs' lacked personal and subject matter jurisdiction over the matter.

11

Collateral attacks are barred not only for criminal convictions but also for summary judgments and traffic determinations when a litigant attempts to invalidate them outside the authorized appellate process. *Department of Transportation, Bureau of Traffic Safety v. Brown*, 377 A.2d 1027, 1029 (Pa. Cmwlth. 1977). Although Licensee claims he is not seeking to relitigate the citations, Licensee's own allegations show he is challenging the validity of the traffic judgments and resulting CDL suspension. Challenges to summary convictions for traffic violations must be raised through statutory appeal procedures, not via a new civil action against Judicial Appellees. *See* Pa.R.Crim.P. 460 (providing the exclusive means of appealing from a summary conviction, including for traffic violations). Furthermore, as discussed above, the MDJs' judgments were not void for lack of jurisdiction. We, therefore, conclude that the trial court did not err in concluding that Licensee's Amended Complaint amounted to an improper collateral attack.

## IV. Conclusion

Upon review, the trial court properly determined that Licensee's action against Judicial Appellees was barred by sovereign immunity, judicial immunity, and the prohibition against collateral attacks. Accordingly, we affirm. In light of this disposition, we also deny Licensee's application for relief.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez, : 
 : 
 Appellant : 
 : 
 v. : No. 1652 C.D. 2024
 : 
MJ Sandra L. Fegley, MJ Dean : 
Patton, and Hon. James E. Gavin, : 
in their individual and official : 
capacity for the Commonwealth of : 
Pennsylvania : 

**PER CURIAM**

**O R D E R**

AND NOW, this 7th day of July, 2026, the order of the Berks County Court of Common Pleas, filed November 7, 2024, is AFFIRMED; Appellant's Application for Relief, filed on February 23, 2026, is DENIED.